■ FINN GJERTSEN, Plaintiff, v MAWSON & MAWSON, INC., et al., Defendants and Third-Party Plaintiffs; CONSOLIDATED EDISON, Defendant and Third-Party Plaintiff and Third-Party Defendant; H. SAND & CO., INC., Sued Herein as H. SANDS, INC., Defendant and Third-Party Plaintiff and Third-Party Defendant-Appellant, and INGRAM & GREENE, INC., Defendant and Third-Party Defendant-Appellant. GEORGE W. ROGERS, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, Ingram & Greene, Inc., and H. Sand & Co., Inc., separately appeal from an order of the Supreme Court, Kings County (Dowd, J.), dated September 29, 1986, which granted the motion of George W. Rogers, Inc., to dismiss their cross claims against it and denied the cross motion of H. Sand & Co., Inc., to amend its answer to assert a cross claim against George W. Rogers, Inc.

Ordered that the order is reversed, with one bill of costs, the motion is denied, the cross motion is granted, and the proposed amended answer of H. Sand & Co., Inc. is deemed served.

The plaintiff, a dockworker, was injured at a construction site on the East River. His employer, the respondent George W. Rogers, Inc., paid him workers' compensation under the Federal Longshoremen's and Harbor Workers' Compensation Act (33 USC § 901 et seq.). The plaintiff commenced a suit to recover damages for personal injuries against, among others, the general contractor, H. Sand & Co., Inc., and another

subcontractor, Ingram & Greene, Inc. The issue on appeal is the right of these parties to seek indemnification from the plaintiff's employer.

Although in maritime cases State courts have concurrent jurisdiction with Federal courts, under the "saving to suitors" clause of the Judiciary Act (28 USC § 1333), the State courts must apply Federal law *(Garrett v Moore-McCormack Co.,* 317 US 239, 245; *Alvez v American Export Lines,* 46 NY2d 634, 639, *affd* 446 US 274). Under Federal law, a cause of action for indemnity against an employer may be based upon either an express agreement or an implied warranty of workmanlike performance *(Ryan Stevedoring Co. v Pan-Atlantic S. S. Corp.,* 350 US 124, 133; *Zapico v Bucyrus-Erie Co.,* 579 F2d 714, 722). In the instant case, a direct contractual relationship exists between the appellant Ingram & Greene, Inc., and the respondent George W. Rogers, Inc. Grounds may exist to find, if not an express agreement to indemnify, at least an implied contractual warranty of workmanlike performance. Therefore, the cross claim of Ingram & Greene, Inc. survives this threshold test.

George W. Rogers, Inc., argues that to find that the appellants are entitled to indemnity, they must show that the plaintiff is alleging unseaworthiness, or a similar strict liability claim. Both parties expect that the plaintiff will attempt to prove liability under Labor Law § 241 (6). This section and the tort of unseaworthiness share many of the same attributes. In both the responsible party has a nondelegable duty to provide a reasonably safe place in which to work *(compare, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521-522, *rearg denied* 65 NY2d 1054, *with Mosley v Cia Mar. Adra,* 362 F2d 118, 120, *cert denied* 385 US 933). In both the party is responsible to provide the equipment necessary to ensure the worker's safety, and in both the party may plead the worker's contributory negligence as a defense *(compare, Socony-Vacuum Oil Co. v Smith,* 305 US 424, 431, *with Long v Forest-Fehlhaber,* 55 NY2d 154, *rearg denied* 56 NY2d 805). It appears from these similarities that the appellants' liability under Labor Law § 241 (6) is equivalent to that of a shipowner under the concept of unseaworthiness.

In addition, the facts in the instant case seem to bring Labor Law § 240 (1) into play. The plaintiff was injured while unloading steel plates at a construction site. His bill of particulars raises as an issue the adequacy of the means provided to unload the cargo of steel. Labor Law § 240 (1) specifically requires all contractors to provide proper equipment in such

circumstances. Since Labor Law § 240 (1) imposes strict liability *(Zimmer v Chemung County Performing Arts, supra,* at 523), the liabilities of the parties under that section are the equivalent of those under the doctrine of unseaworthiness. Therefore, the appellant Ingram & Greene, Inc. may maintain its cross claim against the respondent.

The appellant H. Sand & Co., Inc. seeks to maintain a cross claim for indemnity against the respondent as an intended third-party beneficiary of the contract between Ingram & Greene, Inc. and the respondent. H. Sand & Co., Inc. is clearly an intended beneficiary of the contract at bar *(see,* Restatement [Second] of Contracts § 302; *Zapico v Bucyrus-Erie Co., supra).* Therefore, H. Sand & Co., Inc. should be permitted to amend its answer and to maintain a cross claim for indemnification against the respondent George W. Rogers, Inc. Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.