AMERICAN DREDGING COMPANY,
Plaintiff,

v.

PLAZA PETROLEUM INCORPORATED,
Kerr–McGee Refining Corporation, Royal Petroleum, a division of Kerr–McGee Refining Corporation, and Eklof Marine Corporation, Defendants.

No. 90 CV 0353 (SJ).

United States District Court,
E.D. New York.

Jan. 21, 1993.

Michael D. Martucci, by Michael D. Martucci, New York City, for plaintiff.

Selverne & Flam by Eric Vaughn Flam, New York City, for defendant Plaza Petroleum Inc.

Paul, Hastings, Janofsky & Walker by Kevin C. Logue, New York City, for defendants Kerr–McGee Refining Corp. and Royal Petroleum.

Freehill Hogan & Mahar by James L. Ross, New York City, for Eklof Marine Corp.

### MEMORANDUM AND ORDER

JOHNSON, District Judge:

Plaintiff American Dredging Company ("ADC") purchased 38,000 gallons of "No. 2 fuel oil" from Plaza Petroleum Inc. ("Plaza"). Plaza, in turn, contacted Royal Petroleum, a division of Kerr McGee Refining Corporation, Inc. (collectively "KMRC") and purchased 38,000 gallons of fuel from KMRC. Eklof Marine Corp. ("Eklof") was engaged to transport the fuel.

Plaintiff ADC filed suit against the seller (Plaza) the supplier (KMRC) and the carrier (Eklof) that transported the fuel by ship, seeking monetary compensation for pecuni-

ary damages caused by the allegedly contaminated oil. Plaintiff invoked the admiralty jurisdiction of this court. Discovery has been completed.

Defendant Eklof now moves for summary judgment on the ground that plaintiff has failed to state a viable cause of action for negligence or for unseaworthiness. In a Memorandum & Order dated March 16, 1992, this court granted summary judgment in favor of Plaza and KMRC on all claims including those stated in terms of negligence and unseaworthiness 799 F.Supp. 1335. Once again confronted with a challenge to the viability of plaintiff's negligence and unseaworthiness claims, this court chooses to address these claims *de novo* with respect to all of the defendants. Accordingly, the court hereby vacates those portions of its March 16 Memorandum & Order relating to the negligence and unseaworthiness claims asserted by ADC against Plaza and KMRC.[1] The court now addresses these claims anew.

## DISCUSSION

"Under Fed.R.Civ.P. 56(c), summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 'Viewing the evidence produced in the light most favorable to the nonmovant, if a rational trier could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate.'" *Suburban Propane, A Div. of Nat. Distillers and Chemical Corp. v. Proctor Gas, Inc.,* 953 F.2d 780 (2d Cir.1992); F.R.Civ.P. 56(c).

Plaintiff alleges, *inter alia,* that due to the unseaworthiness of Eklof's vessel and the negligence of the defendants in general, the fuel it purchased became contaminated. Each of the defendants denies the allegations of unseaworthiness and negligence. In seeking summary judgment, defendants aver that as a matter of law, these claims are untenable.

1. The Memorandum & Order dated March 16, 1992 remains in effect as to all of the contract

### a. *Unseaworthiness Claim*

■ The duty of seaworthiness is well-recognized by the courts, but such duty has been found to exist only in certain circumstances. Indeed, unseaworthiness has been recognized as a basis for a shipowner's liability to its longshoremen employees. *See e.g., Usner v. Luckenbach Overseas Corp.,* 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971); *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 413, 79 S.Ct. 468, 501, 3 L.Ed.2d 368 (1959); *Clark v. Solomon Nav., Ltd.,* 631 F.Supp. 1275, 1279 (S.D.N.Y.1986); *Garcia v. Union Carbide Corp.,* 176 A.D.2d 219, 574 N.Y.S.2d 341 (1st Dep't.1991). And, actions relating to workers' compensation and wrongful death predicated on a theory of unseaworthiness have been successfully maintained. *See e.g., Cruz v. American Export Lines, Inc.,* 67 N.Y.2d 1, 499 N.Y.S.2d 30, 489 N.E.2d 1042 (1986), *Gjertsen v. Mawson & Mawson, Inc.,* 135 A.D.2d 779, 522 N.Y.S.2d 891 (2d Dep't.1987); *Muscelli v. Frederick Starr Contracting Co.,* 296 N.Y. 330, 73 N.E.2d 536 (1947).

In addition, a statutory duty of seaworthiness has been created by Congress and incorporated into the Carriage of Goods by Sea Act ("COGSA"). Liability under COGSA is predicated upon a carrier's contractual relationship with a shipper. *Citrus Marketing Bd. of Israel v. J. Lauritzen A/S,* 943 F.2d 220, 223 (2d Cir.1991); *Lucky–Goldstar Intern. (America), Inc. v. S.S. California Mercury,* 750 F.Supp. 141, 144 (S.D.N.Y.1990). Other than the aforementioned duties of seaworthiness, the court discerns no authority for a general maritime duty of seaworthiness.

Plaintiff seeks recovery for damages allegedly caused by the defendants in circumstances where none of the defendants can be said to have owed a duty of seaworthiness. In this action, there is no allegation of personal injury to a seaman or the like. Nor is this lawsuit against the carrier, Eklof, predicated on a contractual relationship between ADC and Eklof. Thus, the common-law duty of seaworthiness is not applicable to the parties herein and the statutory rights embodied

claims addressed therein.

in COGSA are also not of force in this context. Accordingly, the instant seaworthiness claim must fail.

### b. *Negligence Claim*

■ Plaintiff also seeks recovery on a theory of negligence. But, notably, plaintiff seeks damages for purely economic loss. Specifically, plaintiff seeks damages for certain repairs and for lost income resulting from "downtime" allegedly caused by its receipt of contaminated fuel. The issue faced by this court is whether a negligence claim may be stated in admiralty where the damages sought are solely for economic loss. This court concludes that it may not.

Recent developments in tort law suggest a trend to preclude the maintenance of a negligence action to recover purely economic loss. *See e.g., Pierce Associates, Inc. v. Nemours Foundation,* 865 F.2d 530, 540 (3rd Cir.), *cert. denied,* 492 U.S. 907, 109 S.Ct. 3218, 106 L.Ed.2d 568 (1989) (citing cases). In *East River Steamship Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 876, 106 S.Ct. 2295, 2305, 90 L.Ed.2d 865 (1986), the Supreme Court determined that "whether stated in negligence or strict liability, no products-liability claim lies in admiralty when the only injury is economic loss." The Court reached this conclusion after examining traditional tort principles, with emphasis on the differing nature of contract and tort remedies. The Court did not reach the issue of whether a tort cause of action can ever be stated in admiralty when the only damages sought are economic. *Id.* at 871 n. 6, 106 S.Ct. at 2302 n. 6.

Since *East River Steamship,* other courts have extended the rule that where the injury is solely economic, a negligence action should not be maintainable. In *Key Intern. Mfg., Inc. v. Morse/Diesel, Inc.,* 142 A.D.2d 448, 536 N.Y.S.2d 792 (1988), the Appellate Division of the New York Supreme Court barred a tort action alleging economic damages against an architect and an engineering firm. Essentially, the court determined that there was no distinction between a supplier of goods and a supplier of services. *Id.*

Likewise, in *Pierce Associates, Inc. v. Nemours Foundation,* 865 F.2d 530 (3rd Cir.

1989), the Fifth Circuit ruled that a cause of action in negligence is not tenable in the construction context where the only damages sought are for pecuniary loss. *Id.* at 539–40. And, in the year prior to the Supreme Court's decision in *East River,* the First Circuit reconsidered the rationale of the "[t]he leading 'pure financial injury' " case of *Robins Dry Dock & Repair Co. v. Flint,* 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927) (Holmes, J.). *See Barber Lines A/S v. M/V Donau Maru,* 764 F.2d 50, 52 (1st Cir.1985). In so doing, the First Circuit determined that no tort action could be maintained in admiralty where the only injuries suffered due to the alleged negligence of the defendant were financial in nature. *Id.*

In this case, plaintiff seeks recovery for the lost business opportunities that it suffered because its ships were out of commission for the period in which it awaited replacement fuel. Like the plaintiff in *East River,* ADC seeks to place itself in the position it would have been in if the oil had not been contaminated. Under such circumstances, this court determines that plaintiffs remedy properly lies in contract not in tort. *See, East River,* 476 U.S. at 872, 106 S.Ct. at 2303.

■ The nature of this action suggests that only foreseeable damages should be recoverable. Where parties are in a commercial setting and where they negotiate as to how consequential damages will be allocated, as ADC had the opportunity to do when it negotiated with Plaza, one party should not be able to circumvent an agreement by claiming a tort remedy for what amounts to poor business judgment.

In sum, the court must dismiss plaintiff's negligence claim as against each defendant because a purchaser of goods in a commercial transaction may not state a claim in negligence where the jurisdiction is in admiralty and the only damages sought are for economic losses.

### CONCLUSION

Based on the foregoing, the court vacates its March 16, 1992 ruling on defendants Plaza and KMRC's Rule 56 motions with respect to

the claims of negligence and unseaworthiness claims, but reinstates summary judgment in their favor, for the reasons stated herein, on such claims. In addition, the court grants summary judgment in favor Eklof.

SO ORDERED.