■ HUDSON VIEW II ASSOCIATES et al., Respondents, v PHILLIP D. MILLER, Appellant, et al., Defendants. [723 NYS2d 641] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered on or about May 20, 1999, which granted plaintiff's motion to strike defendant-appellant's answer for failing to comply with court-ordered discovery and held defendant-appellant's cross motion for summary judgment to be mooted by the striking of his answer, and order, same court (Barbara Kapnick, J.), entered October 28, 1999, which denied defendant's motion to vacate the note of issue, unanimously affirmed, without costs.

The record fully supports the motion court's finding that defendant-appellant acted willfully and contumaciously in his

continued failure to obey the court's order and in his numerous reiterations that the court was without power to require him to produce a log of the documents he was refusing to produce and the reason for such refusal. Accordingly, the motion court properly exercised its discretion when, as a sanction for such willful noncompliance, it granted plaintiffs' motion to strike defendant-appellant's answer pursuant to CPLR 3126 (*see, Furniture Fantasy v Cerrone*, 154 AD2d 506). As the motion court held, defendant-appellant's cross motion for summary judgment was mooted by the striking of his answer. A stay of discovery does not prevent a court from dismissing a party's pleadings based upon that party's willful failure to comply with court orders (*see, Oberlander v Levi*, 207 AD2d 437). Finally, defendant-appellant's contention that the court's subsequent voluntary recusal warrants vacatur of the May 20, 1999 order is without merit. Defendant failed to establish that the court's earlier actions were the result of bias or impropriety. Accordingly, the judicial proceedings which took place prior to the court's recusal remain valid (*see, Matter of Kurz v Justices of Supreme Ct.*, 228 AD2d 74, 76; *People v Willsey*, 148 AD2d 764, 765).

We have reviewed defendant's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.