■ VINCENT J. FAULKNER, JR., et al., Respondents, v CITY OF NEW YORK et al., Appellants. [851 NYS2d 234]—

In an action to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated April 27, 2006, as granted that branch of the plaintiffs' motion which was, in effect, pursuant to CPLR 3211 (b) to dismiss the ninth affirmative defense insofar as asserted against the plaintiff Vincent J. Faulkner, Jr., and (2) from an order of the same court dated September 26, 2006, which (a) denied that branch of the motion of the City of New York which was for leave to renew, and (b) upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated April 27, 2006 is dismissed, as that order was superseded by the order dated September 26, 2006, made upon reargument; and it is further,

Ordered that the order dated September 26, 2006 is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the prior determination granting that branch of the plaintiffs' motion which was to dismiss the ninth affirmative defense and substituting therefor a provision, upon reargument, vacating so much of the order dated April 27, 2007, as granted that branch of the motion, and denying that branch of the plaintiffs' motion which was to dismiss the ninth affirmative defense; as so modified, the order is affirmed, without costs and disbursements.

The plaintiff Vincent J. Faulkner, Jr. (hereinafter the plaintiff), allegedly sustained personal injuries on April 1, 2004 while performing maintenance on an elevator at Shea Stadium. On June 23, 2004 the plaintiff served a notice of claim upon the defendant City of New York, alleging, inter alia, that he fell down an access shaft to the elevator motor of "elevator #20" due to a defective ladder. The notice of claim lists the mailing address of the plaintiff's counsel as: "One Penn Plaza, 250 W. 34th St., 36th Fl., N.Y., N.Y. 10119." A cover letter accompanying the notice of claim, bearing the same address with floor number, requested all future communications be sent to

counsel's office. On or about September 8, 2004 the plaintiffs commenced the instant action.

The City answered and asserted a number of affirmative defenses, including a ninth affirmative defense asserting that the plaintiffs "failed to comply with the requirements of General Municipal Law § 50, *et seq.*" The defense of failure to comply with the provisions of the General Municipal Law was premised on assertions that the plaintiff failed to appear at a scheduled hearing pursuant to General Municipal Law § 50-h (hereinafter the 50-h hearing), and that the notice of claim was insufficiently specific. The plaintiffs moved, in effect, pursuant to CPLR 3211 (b), to dismiss the ninth affirmative defense, arguing, in part, that the City failed to request a 50-h hearing after the notice of claim was served. The City opposed the motion with proof that notice that a 50-h hearing on the claim was scheduled for August 26, 2004, was mailed to the plaintiffs' counsel on August 5, 2004. The notice was addressed to counsel at the requested address, but omitted any reference to the 36th floor. In reply, the plaintiffs' counsel affirmed that he never received the notice of the scheduled 50-h hearing, and asserted that his office building had some 360 offices, on 55 floors, and that mail without a specific floor designation was not delivered.

In response to the plaintiffs' proof that notice was not received, the City's proof was sufficient to raise an issue of fact as to that aspect of its defense (*see Rotondi v Drewes,* 31 AD3d 734 [2006]). When material issues of fact are unresolved, a court should not strike a defense (*see Lopez v 121 St. Nicholas Ave. H.D.F.C.,* 28 AD3d 429 [2006]). The plaintiffs therefore failed to meet their burden of showing the defense, insofar as it asserted that the plaintiffs failed to appear at the hearing, was without merit as a matter of law (*see Vita v New York Waste Servs., LLC,* 34 AD3d 559 [2006]; *Town of Hempstead v Lizza Indus.,* 293 AD2d 739 [2002]).

There is no question of fact as to the sufficiency of the notice of claim. The notice of claim filed by the plaintiff was sufficiently specific. Prudenti, P.J., Fisher, Santucci and Angiolillo, JJ., concur.