█ DiCarlo Distributors, Inc., Appellant-Respondent, v Golden Krust, Also Known as Golden Krust Caribbean Bakery & Grill, Respondent-Appellant. [865 NYS2d 289]—

In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), entered June 13, 2007, as denied those branches of its motion which were pursuant to CPLR 3211 (b) to dismiss the defenses and affirmative defenses contained in the answer, and for summary judgment on the complaint, and the defendant cross-appeals from so much of the same order as denied its cross motion for summary judgment on its counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to dismiss the fifth affirmative defense and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In May 2005 the parties entered into a contract, pursuant to which the plaintiff became the primary supplier of food products for the defendant, a restaurant with multiple franchise locations specializing in Jamaican and Caribbean cuisine. Pursuant to the contract, the defendant was permitted to terminate the contract at any time with adequate notice, but would be required to pay for all of the inventory purchased by the plaintiff from third parties for resale to the defendant that remained "on hand" at the plaintiff's warehouse on the date of termination. After approximately eight months, the defendant invoked the termination clause, and the plaintiff sent the defendant an invoice for $33,528.98. The defendant did not pay the invoice.

The plaintiff commenced the instant action to recover damages for breach of contract. The defendant asserted counterclaims, which alleged, inter alia, that the plaintiff failed to pay marketing fees that were due under the contract. The plaintiff thereafter moved, among other things, pursuant to CPLR 3211 (b), to dismiss the defenses and affirmative defenses contained in the answer and for summary judgment on the complaint to recover the balance due under the contract, plus interest, costs, and attorney fees. The defendant cross-moved for summary judgment on its counterclaims to recover the marketing fees. The Supreme Court denied the motion and the cross motion, finding that triable issues of fact existed as to which party first breached the contract, particularly in light of the fact that depositions had not yet been conducted. We modify.

Triable issues of fact exist precluding the award of summary

judgment to either party. The plaintiff established, prima facie, its entitlement to judgment as a matter of law by submitting documentary evidence indicating that, upon termination of the contract, the defendant was required to reimburse it for any losses. However, the defendant raised triable issues of fact regarding, inter alia, the plaintiff's duties to mitigate its losses and to mediate the contract dispute in accordance with the terms of the contract. Similarly, the Supreme Court properly denied the defendant's cross motion for summary judgment on its counterclaims, as questions of fact exist regarding when or if the contract was breached by the defendant, which would prevent it from recovering any marketing fees (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The Supreme Court, however, improperly denied that branch of the plaintiff's motion which was to dismiss the defendant's fifth affirmative defense, alleging that the plaintiff lacks the proper license to sell food products, since the plaintiff demonstrated that the defense was without merit as a matter of law (*see* CPLR 3211 [b]; *Vita v New York Waste Servs., LLC,* 34 AD3d 559 [2006]). The Supreme Court nonetheless properly denied those branches of the plaintiff's motion which were to dismiss the remaining defenses and affirmative defenses contained in the answer since triable issues of fact exist as to those defenses and affirmative defenses (*see Faulkner v City of New York,* 47 AD3d 879 [2008]; *Lopez v 121 St. Nicholas Ave. H.D.F.C.,* 28 AD3d 429 [2006]). Prudenti, P.J., Santucci, Dillon and McCarthy, JJ., concur.