■ MERIDIAN CAPITAL PARTNERS, INC., Appellant, v FIFTH AVENUE 58/59 ACQUISITION CO. LP, Respondent, et al., Defendants. [874 NYS2d 440]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 27, 2007, which, insofar as appealed from as limited by the briefs, granted defendant landlord's motion to dismiss plaintiff tenant's tenth cause of action for "intentional and malicious infliction of injury to business," unanimously affirmed, without costs.

The tenth cause of action alleges that landlord's unreasonable interference with tenant's use of the leased premises was intended to coerce tenant into surrendering its valuable commercial leasehold and paying an exorbitant termination fee; that "disinterested malevolence" motivated defendant landlord's interference; that interference was to further a plan of "malicious retribution" to punish tenant for refusing to agree to an early surrender of the lease that would have permitted landlord to lease the space "at a substantially greater profit"; and that tenant's rent for the space, the most valuable on the floor, is "substantially below the level at which [landlord] is currently leasing comparable space" in the building.

Contrary to tenant's contention, *Banc of Am. Sec. LLC v Solow Bldg. Co. II, L.L.C.* (47 AD3d 239 [2007]) did not recognize a new tort of intentional infliction of economic harm (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 93 n 1 [1993] ["Intentional infliction of economic harm has not been recognized in New York"]). Our inquiry in *Banc of Am. Sec.* was limited to whether, in connection with a cause of action for breach of contract, the landlord's alleged acts constituted the type of intentional wrongdoing, unrelated to any legitimate economic self-interest, that could render an exculpatory clause in the lease unenforceable as a matter of public policy. We held that a trier of fact could so perceive the landlord's acts, in which event the exculpatory clause would be unenforceable, and that the tenant therefore had a cause of action for breach of contract.

Nor does the tenth cause of action plead prima facie tort. Tenant's allegation of landlord's "disinterested malevolence" is contrary to its allegation of landlord's profit motive in coercing surrender of the lease (*see Squire Records v Vanguard Re-*

*cording Socy.*, 25 AD2d 190, 191-192 [1966], *affd* 19 NY2d 797 [1967]). Moreover, tenant has a cause of action for breach of contract for the acts allegedly committed (*see Effective Communications W. v Board of Coop. Educ. Servs. of Sole Supervisory Dist. of Cattaraugus, Erie & Wyoming Counties*, 57 AD2d 485, 490 [1977]). Dismissal of the tenth cause of action requires dismissal of the accompanying demand for punitive damages (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616-617 [1994]). We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Moskowitz, Renwick and Freedman, JJ. [*See* 2007 NY Slip Op 33035(U).]