■ In the Matter of IDEAL MUTUAL INSURANCE COMPANY. ALL-STATE INSURANCE COMPANY, Appellant, v SUPERINTENDENT OF INSURANCE FOR THE STATE OF NEW YORK, Respondent. [918 NYS2d 441]—

The findings of the referee are supported by the record (*see Nager v Panadis*, 238 AD2d 135, 135-136 [1997]).

Claimant/objector has no "vested right" to share in the dividend distribution from this liquidation (*see Matter of Hodes v Axelrod*, 70 NY2d 364, 369-370 [1987]). The 1992 order authorizing respondent to distribute assets in this proceeding was an initial order beginning the distribution process and was not a final order within the meaning of Insurance Law § 7434 (e) (*see Burke v Crosson*, 85 NY2d 10, 15-16 [1995]). Notably, when the order was issued, there were more than 500 outstanding reinsurance claims in this proceeding. Further, claimant/objector's claim was never "allowed" by respondent, and no order was ever entered approving payment of the claim. Significantly, the 1992 order limited dividend payments to "claims duly allowed in this proceeding." Claimant/objector does not have a vested right to distribution of dividends by virtue of respondent's issuance in 1998 of the first court-ordered dividend distribution, since there was no allowance or court order with respect to claimant/objector's claim then, and there has been none since.

To the extent claimant/objector claims it had a vested right by operation of law under the prior distribution scheme, we find that the retroactive application of the current version of Insurance Law § 7434 does not unconstitutionally impair that purported right (*see Matter of Union Indem. Ins. Co. of N.Y.*, 2009 NY Slip Op 30387[U] [Sup Ct, NY County 2009] [analyzing constitutionality of retroactive application of Insurance Law § 7434 according to factors cited in *Alliance of Am. Insurers v Chu* (77 NY2d 573, 586 [1991])]). Insurance Law § 7434 is a remedial statute and does not impair vested rights; the priority scheme in force at any given time is subject to change at the discretion of the Legislature; and the Legislature was acting in the public interest when it applied the new priority scheme to existing liquidations so as to institute a more equitable and consistent scheme for the distribution of an insolvent's assets and better protect the public (Senate Mem in Support, L 1999, ch 134, reprinted in 1999 McKinney's Session Laws of NY, at 1596; Assembly Mem in Support, L 1999, ch 134, 1999 NY Legis Ann,

at 73; Mem of Assemblyman Alexander B. Grannis, L 2005, ch 33, 2005 NY Legis Ann, at 23 ["The purpose of this bill is to ensure the workers' compensation security fund has adequate funds to pay claims of injured workers insured by insolvent carriers"]).

Claimant/objector had no more than a hope or expectation of future dividend distribution, not a vested, absolute right to distribution.

While claimant/objector is correct that even under the new statutory scheme all creditors in the same class are to be treated alike, when the Legislature enacted Insurance Law § 7434 (e) it was cognizant that dividend distributions had been made in liquidation estates to which the priority classification would be retroactively applied, and yet it made no exception or exemption for those estates. It exempted only estates in which a final court order of distribution had been made. We must infer that "what is omitted or not included was intended to be omitted or excluded" (*Matter of Jose R.*, 83 NY2d 388, 394 [1994]).

We have considered claimant/objector's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.