■ THOMAS A. POLLAK, Appellant, v PETER MOORE et al., Respondents. [926 NYS2d 434]—

Appeal from judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 14, 2010, in favor of defendants, dismissing the complaint, unanimously dismissed, with costs.

Plaintiff's appeal from the judgment does not bring up for review an order of the motion court, entered November 20, 2009 (Richard B. Lowe, III, J.), which was marked "final disposition" and, in fact, disposed of all of plaintiff's claims, leaving nothing further in the action that would require nonministerial judicial action (see CPLR 5015 [a] [1]; Burke v Crosson, 85 NY2d 10 [1995]). While the judgment explicitly referred to the November 20, 2009 order, and such order "affected" the judgment, the November 20, 2009 order did not meet the further criterion that the underlying order sought to be reviewed on appeal from the judgment be "non-final" (see CPLR 5501 [a] [1]). Plaintiff abandoned his appeal from the November 20, 2009 order, and cannot revive that appeal by the expedient of effecting a ministerial entry of judgment upon the final order after expiration of the time to perfect the initial appeal.

Assuming we were able to reach plaintiff's appellate arguments on the merits, we would find them unavailing. Plaintiff's initial argument that Justice Lowe's November 20, 2009 order was void as it was dated approximately two weeks after Justice Lowe had transferred the action to another IAS part, and such transfer was based on his recusing himself from the action, is unsupported by the record. A review of the relevant transfer orders indicates that the transfer of the action to Justice Walter B. Tolub, who was handling a related foreclosure proceeding, was done for judicial economy purposes. Moreover, it is noted that prior to the transfer, defendants' motion to dismiss was fully submitted and orally argued before Justice Lowe, and Justice Lowe informed the parties that he would render a decision on the motion (see generally Hudson View II Assoc. v Miller,

282 AD2d 345 [2001], *lv dismissed* 96 NY2d 937 [2001]; *Zelman v Lipsig*, 178 AD2d 298 [1991]). Plaintiff offers no evidence to indicate bias or impropriety in the rendering of the November 20, 2009 order (*see generally Hudson View II Assoc.*, 282 AD2d 345). We find plaintiff's related due process arguments unavailing.

We find that plaintiff's breach of contract claim, which was predicated upon a purported agreement by defendants to sell plaintiff a portion of a lot (with improvements thereon) pending formal division of the lot on the New York City tax map, to be barred by the statute of frauds. The documentary evidence established that the purported agreement was not signed by all the parties to be charged (*see* General Obligations Law § 5-703 [2]; *Naldi v Grunberg*, 80 AD3d 1 [2010], *lv denied* 16 NY3d 711 [2011]), the sale terms were modified by plaintiff, and the parties had an opportunity to execute plaintiff's marked-up contract of sale, but did not elect to execute such agreement. To the extent plaintiff relies on other writings to argue that they demonstrate the parties to be charged agreed to the sale of a portion of a lot to plaintiff (*see generally WPP Group USA v Interpublic Group of Cos.*, 228 AD2d 296 [1996]), we find that the writings do no more than reflect interest of the parties to be charged in effecting a sale of the portion of the property to plaintiff upon appropriate terms.

Plaintiff's alternative claims sounding in breach of fiduciary duty, fraud, fraud in the inducement and negligent misrepresentation were duplicative of his breach of contract claims and, as such, properly dismissed (*see J.E. Morgan Knitting Mills v Reeves Bros.*, 243 AD2d 422 [1997]; *cf. Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954 [1986]). Plaintiff's claim for unjust enrichment was unsupported by evidence that defendants, whose interest in the property at stake was foreclosed against, were enriched at plaintiff's expense (*see generally Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415 [1972], *cert denied* 414 US 829 [1973]; *Wiener v Lazard Freres & Co.*, 241 AD2d 114, 119-120 [1998]).

Insofar as plaintiff requested leave to serve a second amended complaint, denial of such relief was a proper exercise of discretion as plaintiff failed to annex a copy of a proposed second amended pleading to his motion papers, and he did not otherwise offer an affidavit of merit or any "new" facts as would overcome the legal defects in his prior two complaints (*see generally Jebran v LaSalle Bus. Credit, LLC*, 33 AD3d 424 [2006]; *Gonik v Israel Discount Bank of N.Y.*, 80 AD3d 437, 438-439 [2011]).

We have examined plaintiff's remaining appellate arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Abdus-Salaam, JJ.