■ Movado Group, Inc., Formerly Known as North American Watch Corporation, Appellant, v Shapur Mozaffarian et al., Respondents. [938 NYS2d 27]—

Defendants signed a credit agreement in which they expressly acknowledged receipt of, and agreed to be bound by, terms and conditions contained in an extrinsic document, which defendants neither read nor requested a copy to read. After the credit application was approved, defendants saw, for the first time, the terms and conditions, which contained a New York forum selection clause.

Plaintiff proved by a preponderance of the evidence (*see Matter of Pickman Brokerage [Bevona]*, 184 AD2d 226, 226-227

[1992]), that the terms and conditions of the extrinsic document were incorporated into the credit agreement, and that defendants' acknowledged receipt and agreed to be bound by the same. The credit agreement, which identified the terms and conditions as those contained on each invoice, was sufficient to put defendants on notice that there was an additional document of legal import to the contract they were executing (*see Shark Information Servs. Corp. v Crum & Forster Commercial Ins.*, 222 AD2d 251, 252 [1995]; *see also American Dredging Co. v Plaza Petroleum, Inc.*, 799 F Supp 1335, 1338 [ED NY 1992], *vacated in part on other grounds* 845 F Supp 91 [ED NY 1993]). Defendants' decision not to inquire as to the terms and conditions is one by which they are bound (*see Sorenson v Bridge Capital Corp.*, 52 AD3d 265, 266 [2008], *lv dismissed* 12 NY3d 748 [2009]; *see also Hotel 71 Mezz Lender LLC v Falor*, 64 AD3d 430, 430 [2009] [a signer's duty to read and understand that which he signs is not "diminished merely because ( )he was provided with only a (portion of that document)]'").

The parties' dispute is not, as found by the lower court, governed by UCC 2-207 (1)-(2) (b), which provides that, between merchants, where there is an "expression of acceptance or a written confirmation . . . [even if it] states terms additional to or different from those offered or agreed upon . . . [the additional or different terms] become part of the contract unless . . . they materially alter it" (*id.*). Here, the forum selection clause was not an "additional or different term" added to the contract, nor was it a confirmatory writing; rather, it was one of the terms and conditions incorporated by reference into the contract at its inception (*see Guerra v Astoria Generating Co., L.P.*, 8 AD3d 617, 618 [2004]). Neither of the issues generally decided pursuant to UCC 2-207 are at issue here (*see e.g. K I C Chems., Inc. v ADCO Chem. Co.*, 1996 WL 122420, \*4, 1996 US Dist LEXIS 3244, \*10 [SD NY 1996] ["a classic 'battle of the forms' "]; *Hugo Boss Fashions v Sam's Eur. Tailoring*, 293 AD2d 296, 297 [2002] [a written alteration to an oral agreement]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Román, JJ. **[Prior Case History: 2010 NY Slip Op 33270(U).]**