PRINCES POINT, LLC, Appellant, v AKRF ENGINEERING, P.C., et al., Respondents. [944 NYS2d 493]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about March 24, 2011, which denied plaintiff's motion for leave to amend its complaint to add causes of action for fraud, promissory estoppel and prima facie tort, unanimously affirmed, without costs.

In this action arising from a real estate contract pursuant to which plaintiff agreed to purchase from defendants Allied Princes Bay Co. and Allied Princes Bay Co. #2, L.P. (Allied) a 23-acre parcel of waterfront property that had previously been listed by the Department of Environmental Conservation as a hazardous waste site, a disagreement occurred over the propriety of the shoreline revetment seawall, an issue which delayed obtaining various development approvals and forestalled the contract's closing. Plaintiff commenced the instant action asserting causes of action for fraud against defendant AKRF Engineering, P.C., the company that constructed the revetment, negligent misrepresentation against Allied and AKRF, and specific performance of the June 2004 contract, as well as fraud in the inducement and rescission of a March 2006 amendment to the contract, against Allied.

Plaintiff's motion to amend the complaint to add additional causes of action was properly denied. Plaintiff's claims for promissory estoppel and fraud relating to the June 2004 contract fail since, pursuant to the contract, the property was being purchased "AS IS . . . AND WITH ALL FAULTS," and plaintiff was relying solely on its own inspections of the property. Thus, plaintiff accepted all defects in the premises and was not relying on any assurances made by defendants as to the condition of the property (see Barnes v Gould, 83 AD2d 900 [1981], affd 55 NY2d 943 [1982]). In addition, the proposed promissory estoppel claim is deficient because the contract included a clause stating that it represented the entire understanding between the parties (see Fariello v Checkmate Holdings, LLC, 82 AD3d 437, 438 [2011]).

Furthermore, the new damages sought, consequential and punitive, are unavailable to plaintiff on the claims asserted. Damages for fraud are to compensate plaintiffs for what they lost, " 'not to compensate them for what they might have gained' "

(*Starr Found. v American Intl. Group, Inc.*, 76 AD3d 25, 27 [2010], quoting *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]), and punitive damages are not warranted since plaintiff has not alleged wrongdoing evincing a high degree of moral turpitude that demonstrates such wanton dishonesty as to imply a criminal indifference to civil obligations (*Ross v Louise Wise Servs., Inc.*, 8 NY3d 478 [2007]).

Plaintiff failed to plead facts that are sufficient to support a cause of action for prima facie tort because the allegations do not establish that defendants' purportedly tortious conduct was motivated by an otherwise lawful act performed with the intent to injure or with a "disinterested malevolence" (*see Curiano v Suozzi*, 63 NY2d 113, 117 [1984]; *Kleinerman v 245 E. 87 Tenants Corp.*, 74 AD3d 448 [2010]). Plaintiff's allegation of malevolence is contrary to its allegation concerning defendants' alleged profit motives (*see Meridian Capital Partners, Inc. v Fifth Ave. 58/59 Acquisition Co. LP*, 60 AD3d 434 [2009]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Moskowitz, Richter, Abdus-Salaam and Román, JJ.