*502 Order, Supreme Court, New York County (Bernard J. Fried, J.), entered January 5, 2012, which, inter alia, granted plaintiffs’ motion for summary judgment on the complaint and dismissal of the counterclaim, and order, same court and Justice, entered June 11, 2012, which, inter alia, confirmed the report of the Special Referee awarding plaintiffs $165,825 in attorneys’ fees plus expenses, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 19, 2012, unanimously dismissed, without costs, as abandoned.
We affirm for reasons other than those stated by the motion court (see Matter of American Dental Coop, v Attorney-General of State of N.Y., 127 AD2d 274, 279 n 3 [1st Dept 1987]). Defendant’s defenses to the guaranty were not barred by the waiver provision of its section 8 (k), which was unambiguously a waiver of jurisdictional and venue defenses only; the “any” defense language relied upon by defendant and the motion court was, as to every clause in that provision, modified by the word “that,” which restricted the defenses waived to those relating to the adjudicative power of the courts and did not include any substantive defenses.
However, we agree with plaintiffs’ argument that the guaranty incorporated the waiver provisions of the purchase agreement by reference (see generally Rudman v Cowles Communications, 30 NY2d 1, 13 [1972]; Movado Group, Inc. v Mozaffarian, 92 AD3d 431 [1st Dept 2012]). The guaranty and purchase agreement were executed simultaneously as part of a single transaction, the purchase agreement requires execution of the guaranty, attaches it as an exhibit, defines “Agreement” and “Ancillary Agreements” as including the guaranty, provides that its merger clause applies to ancillary agreements, and further provides that the guarantor’s obligation to pay the purchase price is “to the extent due and payable within the terms of the Purchase Agreement.” The purchase agreement’s “as is” provision and waiver of any defense as to the “condition” of the asset that was the subject of that agreement barred the failure of consideration and fraud in the inducement defenses to the guaranty and the counterclaim for rescission based upon the same alleged fraud (see Princes Point, LLC v AKRF Eng’g, P.C., 94 AD3d 588 [1st Dept 2012]). Even if the provisions of the purchase agreement were not incorporated into the guaranty, these defenses would nonetheless be barred because they are unavailable to the primary obligor.
The report of the special referee on attorneys’ fees was supported by the record (see Matter of Ideal Mut. Ins. Co., 82 AD3d *503 518, 519 [1st Dept 2011]). Upon our own review (see Katz Park Ave. Corp. v Jagger, 98 AD3d 921, 922 [1st Dept 2012]), we find the fees awarded not excessive. Block billing did not render the invoiced amounts per se unreasonable (see 546-552 W. 146th St. LLC v Arfa, 99 AD3d 117, 123 [1st Dept 2012]), and the evidence before the special referee adequately presented him with the opportunity to assess the reasonableness of the fees.
In view of the foregoing it is unnecessary to address the remaining contentions of the parties. Concur—Andrias, J.P., Renwick, Freedman and Gische, JJ. [Prior Case History: 34 Misc 3d 1208(A), 2012 NY Slip Op 50019(U).]