Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered August 22, 2013, which denied plaintiffs’ motion to dismiss the first counterclaim, unanimously affirmed, with costs.
Plaintiffs moved to dismiss the first counterclaim, which alleges breach of contract and seeks consequential damages, on the basis of the liquidated damages provision of the parties’ purchase agreement limiting defendants’ remedy for breach or repudiation of the agreement to retention of the deposit. However, the counterclaim, as supplemented by an affidavit, spreadsheets and income statements, is sufficient to state a cause of action for willful breach, i.e. that plaintiffs’ proffered reasons for not performing under the agreement are baseless and a pretext for retaining the deposit, which would render the liquidated damages provision unenforceable as a matter of public policy (see Meridian Capital Partners, Inc. v Fifth Ave. 58/59 Acquisition Co. LP, 60 AD3d 434 [1st Dept 2009]; Banc of Am. Sec. LLC v Solow Bldg. Co. II, L.L.C., 47 AD3d 239 [1st Dept 2007]).
Contrary to plaintiffs’ contention, the motion court did not recognize a tort of “intent to inflict economic harm” that is not *600 cognizable under New York law, but considered whether, in connection with the counterclaim for breach of contract, plaintiffs’ alleged wrongful acts, unrelated to any legitimate economic self-interest, could allow for recovery of damages beyond the liquidated damages provision (see Meridian Capital Partners, 60 AD3d at 434).
We have considered plaintiffs’ remaining contentions and find them unavailing. Concur — Tom, J.E, Renwick, Richter, Feinman and Gische, JJ. [Prior Case History: 2013 NY Slip Op 319760J).]