■ STEVEN G. LEGUM, Appellant-Respondent, v JOE RUSSO et al., Respondents-Appellants, et al., Defendant. [20 NYS3d 124]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his notice of ap-

peal and brief, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), dated January 9, 2014, as denied that branch of his motion which was for summary judgment on the second cause of action insofar as asserted against the defendant RKJ Group, Inc., and the defendants Joe Russo, Kevin Morrison, and RKJ Group, Inc., cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the plaintiff's motion which were pursuant to CPLR 3211 (a) to dismiss their counterclaim and pursuant to CPLR 3211 (b) to dismiss their second, third, fourth, fifth, seventh, eighth, ninth, tenth, fourteenth, and fifteenth affirmative defenses.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action, which alleged breach of contract, insofar as asserted against the defendant RKJ Group, Inc. The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (*see Canzona v Atanasio*, 118 AD3d 837, 838 [2014]; *Dee v Rakower*, 112 AD3d 204, 208-209 [2013]; *Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc.*, 84 AD3d 122, 127 [2011]). "[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (*MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640, 645 [2009], quoting *Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). "A contract is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (*Greenfield v Philles Records*, 98 NY2d at 569, quoting *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]). "Ambiguity in a contract arises when the contract, read as a whole, fails to disclose its purpose and the parties' intent, or when specific language is susceptible of two reasonable interpretations" (*Ellington v EMI Music, Inc.*, 24 NY3d 239, 244 [2014] [citation and internal quotation marks omitted]). Where a contract is ambiguous, extrinsic evidence may be considered to determine the parties' intent (*see Schron v*

*Troutman Sanders LLP*, 20 NY3d 430, 436 [2013]; *Greenfield v Philles Records*, 98 NY2d at 569). Whether a contract is ambiguous is "an issue of law for the courts to decide" (*Greenfield v Philles Records*, 98 NY2d at 569).

Here, the plaintiff's submissions failed to eliminate triable issues of fact as to the precise terms of the agreement between the defendants and the plaintiff's predecessor-in-interest, and, given the agreement's lack of clarity regarding the terms of payment, the extent of damages in the event of a breach (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *DiCarlo Distribs., Inc. v Golden Krust*, 55 AD3d 528, 530 [2008]). In light of the plaintiff's failure to meet his prima facie burden, the Supreme Court properly denied that branch of his motion which was for summary judgment on the second cause of action insofar as asserted against the defendant RKJ Group, Inc., regardless of the sufficiency of the opposition papers of the defendants Joe Russo, Kevin Morrison, and RKJ Group, Inc. (hereinafter collectively the RKJ defendants) (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Furthermore, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) to dismiss the RKJ defendants' counterclaim, which alleged fraud in the procurement of the agreement. The RKJ defendants' claims are barred by the agreement's "as is" clause (*see J. Remora Maintenance LLC v Efromovich*, 103 AD3d 501, 502 [2013]; *Princes Point, LLC v AKRF Eng'g, P.C.*, 94 AD3d 588 [2012]), as well as its specific disclaimer of representations regarding the condition of the subject assets. "While a general merger clause is ineffective to exclude parol evidence of fraud in the inducement, a specific disclaimer defeats any allegation that the contract was executed in reliance upon contrary oral representations" (*Barnaba Realty Group, LLC v Solomon*, 121 AD3d 730, 731 [2014]; *see DiBuono v Abbey, LLC*, 95 AD3d 1062, 1064 [2012]; *McGowan v Winant Place Assoc.*, 270 AD2d 466, 467 [2000]; *Busch v Mastropierro*, 258 AD2d 492 [1999]; *Taormina v Hibsher*, 215 AD2d 549 [1995]). Here, the agreement at issue specifically provided that the seller made no express or implied representations or warranties as to the ownership or condition of the purchased assets.

The RKJ defendants' remaining contentions are without merit. Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.

---

Motion by the appellant-respondent to strike Point I of the

reply brief of the respondents-appellants on an appeal and cross appeal from an order of the Supreme Court, Nassau County, dated January 9, 2014. By decision and order on motion of this Court dated January 21, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is

Ordered that the motion is granted, Point I of the reply brief of the respondents-appellants is stricken, and that point has not been considered in the determination of the appeal and cross appeal. Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.