Rivera v Skanska USA Civ. Northeast, Inc. (2020 NY Slip Op 00094)





Rivera v Skanska USA Civ. Northeast, Inc.


2020 NY Slip Op 00094


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Friedman, J.P., Webber, Singh, Moulton, JJ.


10718N 21536/14E

[*1] Christion Rivera, Plaintiff-Appellant,
v
Skanska USA Civil Northeast, Inc., et al., Defendants-Respondents.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Armienti, DeBellis & Rhoden, LLP, New York (Vanessa M. Corchia of counsel), for respondents.



Appeal from order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered July 11, 2016, which denied plaintiff's motion to vacate an order, entered April 23, 2015, upon plaintiff's default, granting defendants' motion for an order of preclusion pursuant to CPLR 3126 and dismissing the complaint, unanimously dismissed, without costs.
Plaintiff's notice of appeal, dated September 25, 2018, states that he is appealing "from a Decision and Order of the Supreme Court, Bronx dated July 5, 2016." He claims that his notice of appeal contains an "inaccurate description" of the paper appealed, as evinced by his attachment of the judgment entered September 20, 2018, and requests this Court to exercise its discretion to deem the appeal as a timely one from the judgment (see CPLR 5520[c]). Even if the defect were a mere "typographical error" as claimed by plaintiff, we find no interest of justice basis to treat the notice as valid, where plaintiff is clearly seeking to circumvent an untimely appeal from the order (see Pollak v Moore, 85 AD3d 578 [1st Dept 2011]). In any event, even if we were to grant plaintiff's request, the appeal from the judgment would not bring up for review the order, which was final and disposed of all of the causes of action between the parties and left nothing for further judicial action apart from the ministerial entry of the judgment (CPLR 5501[a]; Burke v Crosson, 85 NY2d 10, 15-16 [1995]; 315 W. 103 Enters. LLC v Robbins, 171 AD3d 466, 467 [1st Dept 2019]; Pollak v Moore, 85 AD3d at 578).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK