Capital One, N.A. v Majestic Holdings (USA), LLC (2024 NY Slip Op 05883)

Capital One, N.A. v Majestic Holdings (USA), LLC

2024 NY Slip Op 05883

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 850222/14 Appeal No. 3109-3109A Case No. 2023-5141, 2023-05143 

[*1]Capital One, N.A., Plaintiff-Appellant,
v
Majestic Holdings (USA), LLC, et al., Defendants, The Board of Managers of Cipriani Club Homeowners Association, Defendant-Respondent.

Menashe & Lapa, LLP, Montebello (Chezki Menashe of counsel), for appellant.

Appeals from order, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 5, 2022, which denied Capital One, N.A.'s motion for leave to enter a default judgment against defendant The Board of Managers of Cipriani Club Homeowners Association (Cipriani) and from order, same court and Justice, entered on or about September 26, 2023, which denied Capital One's second motion for a default and a judgment of foreclosure and sale against Cipriani, unanimously dismissed, without costs.
This mortgage foreclosure action was originally commenced in 2014. The court, by order dated February 7, 2020, confirmed a referee's report on the amount due on the mortgage and permitted plaintiff to enter judgment against the borrower defendant. In the same order, the court granted the plaintiff's separate motion for leave to enter a default judgment against non-answering defendants, Cipriani (a junior lienholder) and "John Doe," only to the extent of directing that a hearing be held on March 25, 2020. The hearing was postponed several times due in part to the COVID-19 pandemic. On the rescheduled hearing date, Capital One failed to submit any evidence to support its claim against Cipriani. Accordingly, by order entered October 4, 2024, the court denied Capital One's motion to enter judgment against Cipriani, citing 22 NYCRR 202.27, dismissed the case against the remaining John Doe defendant, and marked the action disposed.
In December 2022 Capital One moved a second time for a default judgment against Cipriani and for additional relief. The court denied this motion based, in part, on the fact that it had previously denied the same relief and marked the action disposed.
Capital One's notice of appeal from the order entered October 4, 2022 was untimely, as that order was a final disposition of the claim between Capital One and Cipriani (see CPLR 5513[a], Burke v Crosson, 85 NY2d 10, 15 [1995]). Although the appeal from the September 26, 2023 order was timely, Capital One's second appeal is an impermissible attempt to circumvent its untimely appeal (see Rivera v Skanska USA Civ. Northeast, Inc., 179 AD3d 455, 455 [1st Dept 2020]). Contrary to Capital One's contention, its appeal from the September 26, 2023 order would not bring up for review the October 4, 2022 order, "which was final and disposed of all of the causes of action between the parties and left nothing for further judicial action apart from the ministerial entry of the judgment" (id.).
In any event, Capital One's motion for a default judgment against Cipriani fails on the merits, as Cipriani appeared in this action by serving a notice of appearance. Cipriani was not required to serve an answer where the complaint did not set forth any allegations that it was required to defend against (see CPLR 320; Tsionis v Eriora Corp., 123 AD3d 694, 695-696 [2d Dept 2014]). The foreclosure action was against the primary mortgagee, and Cipriani was a necessary party solely by virtue of any claim to surplus [*2]proceeds (see RPAPL 1311; NYCTL 1997-1 Trust v Stell, 184 AD3d 9, 14-15 [2d Dept 2022], lv denied 35 NY3d 913 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024