THIRD DEPARTMENT, MARCH, 1989

(March 2, 1989)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES F. WILLSEY, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Harris, J.), rendered March 29, 1985, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), burglary in the first degree and criminal use of a firearm in the first degree.

Defendant was convicted of various crimes stemming from the fatal shooting of Thomas Kidder in the back with a shotgun. Evidence against defendant included his detailed, signed confession to the homicide which is unchallenged on this appeal, testimony placing him and his car near or at the scene at the time of the incident (in one case fleeing), defendant's ownership and possession of the murder weapon, blood on defendant's hand and shotgun which matched that of the victim, and testimony that defendant had spoken of planning to kill Kidder.

On the day of the shooting, July 21, 1984, defendant was taken into custody. After confessing to the crime, he was asked about the disappearance of Joseph Zappola, whom defendant eventually admitted killing and burying; he also drew a map showing the location of the body and helped police locate it. Defendant had dated Zappola's wife, Shirley, while Zappola was in prison. The day Zappola was released from jail in June 1983, defendant waited for, met and shot him to death; defendant has heretofore been tried and convicted of murdering Zappola (see, People v Willsey, 144 AD2d 106). Subsequently, Shirley met and married Kidder but continued her intimate association with defendant, albeit intermittently.

At trial, to establish defendant's motive for killing Kidder, the People set about proving that defendant slew whoever stood between him and Shirley. Rensselaer County Judge M. Andrew Dwyer, Jr., ruled in response to defendant's omnibus motion that his conviction for Zappola's murder was admissible under the motive exception to the Molineux rule (see, People v Molineux, 168 NY 264, 293-294). After a jury had been drawn and sworn, defendant informed Dwyer that he intended to call the Judge's son, a tenant of the victim, as a witness and moved for Dwyer's recusal. At a hearing on this motion, Dwyer noted the absence of any actual bias, given his son's dearth of knowledge regarding the shooting, but recused himself nonetheless to avoid the appearance of any impropriety that would result were his son called to testify. Acting Rensselaer County Judge F. Warren Travers, who took over the case, granted defendant's motion for a mistrial. The matter was then rescheduled for trial before Acting Rensselaer County Judge Joseph Harris. Defendant sought de novo review of all motions passed upon by Dwyer, including any decisions on suppression matters. County Court, finding that the prior proceedings were not flawed simply because Dwyer chose to stand aside, denied the request and concluded further that evidence of the Zappola killing was admissible not only to show motive, as Dwyer had determined, but a possible common scheme and plan as well, another Molineux exception. Convicted, as noted, defendant appeals; we affirm.

At the outset, defendant maintains that Dwyer's recusal tainted his earlier determinations of defendant's motions. Where, however, recusal is not mandated by statute (see, Judiciary Law § 14) but rather is resorted to voluntarily to avoid the appearance of impropriety, judicial proceedings had prior to the recusal motion remain valid, absent a showing of

actual bias or actual impropriety *(see, United States v Murphy,* 768 F2d 1518, 1541, *cert denied* 475 US 1012; *cf.,* 28 NY Jur 2d, Courts and Judges, § 111, at 203-204). Inasmuch as Dwyer's son was a witness, not a party, recusal was not statutorily required *(see, Griessman v Fisher,* 252 NY 580). As defendant points out, Travers, in granting the mistrial, referred to the proceedings over which Dwyer had already presided, but he made no finding of bias nor indicated that the mistrial was granted for any reason other than the avoidance of the appearance of impropriety, nor did defendant at any point demonstrate actual prejudice at the hands of Dwyer.

Defendant also urges that admitting evidence regarding the Zappola murder was reversible error under the *Molineux* doctrine; we are unpersuaded. The People offered that evidence to show motive, a common plan or scheme, intent and identity, and, more novelly, proffered defendant's confession to Zappola's murder and participation in recovering Zappola's body as proof that the roughly contemporaneous Kidder confession was voluntarily given. Without addressing the other purposes for which it was offered, the evidence in question strongly indicates a motive, extreme jealousy and possessiveness, that far outweighs any unfair prejudice inherent in bringing the prior crime to the jury's attention *(see, People v Ventimiglia,* 52 NY2d 350, 359). Nor is there merit in defendant's parallel argument that County Court's limiting instructions on the use the jury could make of this evidence were erroneous.

Also unavailing is the contention that the conviction must be reversed because of the People's conceded failure to comply with CPL 710.30 (1) and (2) in neglecting to notify defendant of their intent to use defendant's oral and written confessions to the Zappola shooting. The central purpose of this statute is to provide a "defendant with an opportunity to obtain a pretrial ruling on the admissibility of statements to be used against him" *(People v O'Doherty,* 70 NY2d 479, 488). Here, defendant and his attorney had actual knowledge that the People would be using the Zappola murder confession for that statement was furnished in December 1984 in response to defendant's September 1984 omnibus motion which included a demand for a hearing to suppress all statements defendant made to law enforcement officials, and further because the existence of that admission was subsequently discussed at defendant's *Ventimiglia* hearing conducted by Dwyer on February 25, 1985. Having in essence made a motion to suppress the statement, defendant was not prejudiced by the People's

failure to timely comply with CPL 710.30 *(see,* CPL 710.30 [3]; *cf., People v Amparo,* 73 NY2d 728). Moreover, the proof of defendant's guilt is so overwhelming that the error in this instance is in any event harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242).

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.