[654 NYS2d 783]

In the Matter of LANCE KURZ, Petitioner, v JUSTICES OF THE SUPREME COURT OF NEW YORK, KINGS COUNTY, et al., Respondents.

Second Department, February 18, 1997

**APPEARANCES OF COUNSEL**

*Richard E. Mischel, P. C.,* New York City, for petitioner.

*Charles J. Hynes, District Attorney* of Kings County, Brooklyn *(Roseann B. MacKechnie* and *Ann Bordley* of counsel), respondent *pro se.*

**OPINION OF THE COURT**

MANGANO, P. J.

The question to be answered in this proceeding is whether the Supreme Court acted in excess of its authorized powers in vacating the petitioner's plea of guilty absent his consent. In our view, this question must be answered in the affirmative.

## I

The petitioner was indicted, *inter alia,* on several counts of assault in connection with an incident in which he cut the complainant with a knife. After plea negotiations before a Judicial Hearing Officer, the matter was transferred to Justice D'Emic in the Supreme Court, Kings County, for disposition. On July 15, 1996, the petitioner agreed to plead guilty to one count of assault in the first degree in full satisfaction of the indictment. In return, he was promised youthful offender status and a sentence of five years' probation. The petitioner promised to pay restitution, to be determined at the time of the sentence, up to a maximum of $1,000. Justice D'Emic also informed the petitioner that the court would impose such sentence "if there is nothing in the pre-sentence report that would cause [him] to feel otherwise". Justice D'Emic further stated that he would allow the petitioner to take back his plea if he felt he could not

abide by the promised sentence. Thereafter, the petitioner was sworn, and Justice D'Emic took his plea allocution. Justice D'Emic was satisfied that the petitioner's plea was knowingly and voluntarily entered, and indicated that it was in the interest of justice to accept the plea. After the petitioner formally withdrew his plea of not guilty and pleaded guilty to the crime of assault in the first degree, sentencing was scheduled for August 21, 1996.

Before the scheduled sentencing date, however, Justice D'Emic informed the parties that he had discovered that he had "a close personal relationship with the persons that are close to this case", a fact he did not know at the time the plea was taken. Over the defense counsel's objections, Justice D'Emic *sua sponte* vacated the petitioner's plea of guilty and reassigned the case to Justice Firetog. When Justice Firetog refused to accept the petitioner's plea under the conditions agreed to by Justice D'Emic, the petitioner commenced the instant proceeding pursuant to CPLR article 78 to prohibit the respondent District Attorney from continuing with the prosecution against him under the original indictment, and for relief in the nature of mandamus directing the respondent Justices to reinstate his plea of guilty under the indictment and impose the sentence promised under the plea agreement.

## II

We reject the People's contention that Justice D'Emic's decision to recuse himself rendered the petitioner's plea of guilty null and void. A Judge who recuses himself or herself should state, on the record, the general reasons for the recusal. While the reason for recusal advanced by Justice D'Emic was not as clear as it might have been, it was not one which would trigger the automatic recusal provisions mandated by statute *(see,* Judiciary Law § 14; *Oakley v Aspinwall,* 3 NY 547). Rather, Justice D'Emic voluntarily recused himself to avoid the appearance of impropriety. Since there is no showing in this record of actual bias or actual impropriety, the "judicial proceedings had prior to the recusal * * * remain valid" *(People v Willsey,* 148 AD2d 764, 765).

## III

We must next determine whether, under the circumstances presented, Justice D'Emic had the inherent power to vacate the petitioner's plea. We conclude that he did not.

It is well settled that, in the absence of fraud, misrepresentation, deceit, or trickery *(see, Matter of Lyons v Goldstein,* 290

NY 19; *Matter of Lockett v Juviler,* 65 NY2d 182), courts have no inherent power to set aside a plea of guilty absent the defendant's consent *(People v Prato,* 89 AD2d 860) other than to correct their own mistakes *(Matter of Van Leer-Greenberg v Massaro,* 87 NY2d 996; *People v Bartley,* 47 NY2d 965).

In the instant proceeding, the People fail to identify, and we fail to perceive, any error or mistake made by Justice D'Emic in accepting the petitioner's plea *(cf., Matter of Van Leer-Greenberg v Massaro, supra).* Nor is there any evidence of fraud, misrepresentation, deceit, or trickery presented on this record.

Since the Supreme Court acted in excess of its authorized power in vacating the petitioner's plea without his consent, the remedy of prohibition is available *(see, Matter of Lungen v Kane,* 88 NY2d 861, 862; *Matter of Kisloff v Covington,* 73 NY2d 445, 449). Accordingly, the petition is granted, on the law, to the extent of prohibiting the respondent Charles J. Hynes, the District Attorney of Kings County, from continuing the prosecution of the petitioner in the matter entitled *People v Lance Kurz* under Kings County indictment No. 5997/96 and directing the respondent Justices of the Supreme Court, Kings County, to reinstate the petitioner's plea of guilty in satisfaction of that indictment, and the matter is remitted to the Supreme Court, Kings County, for sentencing. However, the petitioner is not entitled to a writ of mandamus directing the respondent Justices to sentence him in accordance with the plea agreement. Mandamus is available only to compel ministerial acts, and only where there is a clear, legal right to the relief request *(see, Matter of Helbrans v Owens,* 205 AD2d 775; *Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16). Sentencing is a discretionary act, and a court may decline to sentence as promised as long as "the reasons for departing from the sentencing agreement [are] placed upon the record to ensure effective appellate review of the sentencing court's exercise of discretion" *(People v Schultz,* 73 NY2d 757, 758; *see, People v Danny G.,* 61 NY2d 169, 174). Moreover, an adequate remedy to any sentencing error exists by way of appeal and the petitioner can, of course, appeal from any sentence imposed upon him.

RITTER, SULLIVAN, ALTMAN and McGINITY, JJ., concur.

Upon the papers filed in support of the proceeding and the papers filed in opposition thereto, it is,

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of prohibiting the respon-

dent, Charles J. Hynes, the District Attorney of Kings County, from continuing the prosecution of the petitioner in the matter entitled *People v Lance Kurz* under Kings County indictment No. 5997/96 and directing the respondent Justices of the Supreme Court, Kings County, to reinstate the petitioner's plea of guilty in satisfaction of that indictment, the petition is otherwise denied, and the matter is remitted to the Supreme Court, Kings County, for sentencing in accordance with the sentencing court's discretion.