■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHALL COLEMAN, Appellant. [699 NYS2d 692] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J., at suppression hearing; Felice Shea, J., at jury trial and sentence), rendered April 3, 1997, convicting defendant of two counts of robbery in the second degree and one count of robbery in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 18 years to life on the robbery in the second degree convictions and 14 years to life on the rob-

bery in the third degree conviction, unanimously modified, on the law, to the extent of vacating the sentence imposed on the third-degree robbery count and replacing it with a sentence of $3^{1}/_{2}$ to 7 years as a second felony offender, and otherwise affirmed.

Defendant's suppression motion was properly denied. At the hearing, the People met their burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in the pretrial identification procedures, and defendant did not establish any illegality.

Since defendant refused to accept the court's offer to discharge the jury and conduct a new voir dire in his presence, he waived his present claim that the court improperly excluded him from a portion of jury selection (*see, People v Roman*, 88 NY2d 18; *People v Miller*, 41 NY2d 857; *People v Carrero*, 216 AD2d 148, *lv denied* 86 NY2d 791). In any event, the totality of the record establishes that defendant, who was engaged in a pattern of refusing to attend his trial as a means of protesting the court's denial of his groundless request for new counsel, exercised a knowing, voluntary, intelligent and unconditional waiver of his right to be present throughout (*see, People v Vargas*, 88 NY2d 363).

As the People correctly concede, the sentence imposed on defendant as a persistent violent felony offender for his conviction of robbery in the third degree was illegal since that crime is not classified as a violent felony offense. In view of the valid concurrent sentences of 18 years to life, we see no need for a remand for resentencing (*see, People v Aponte*, 240 AD2d 317, *lv denied* 91 NY2d 868), and instead reduce the sentence for the third-degree robbery conviction to $3^{1}/_{2}$ to 7 years, as a second felony offender rather than as a persistent violent felony offender.

We perceive no abuse of sentencing discretion. Concur—Ellerin, P. J., Wallach, Lerner, Andrias and Saxe, JJ.