■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP CALDWELL, Appellant. [708 NYS2d 370] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered

April 16, 1998, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 6 years, unanimously modified, on the law, to the extent of vacating the sentence on the conviction of criminal possession of a weapon in the third degree and substituting therefor a term of 3 to 6 years, as a second felony offender, and otherwise affirmed.

Contrary to defendant's argument, his conviction of assault in the second degree was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. While defendant correctly argues that the indictment and the court's charge did not permit him to be convicted under a theory of transferred intent, defendant was not convicted under that theory. Credible evidence established that, as his girlfriend was moving out of his way, defendant was moving around her, not toward her, and that defendant then had to go past two men sitting on a stoop in order to reach the man he stabbed. Moreover, there was also evidence of motive based upon a prior dispute with the victim. Thus, there was ample evidence that defendant specifically intended to harm his victim, rather than accidentally injuring him in an effort to injure his girlfriend, with whom he was arguing immediately before the stabbing.

As the People correctly concede, defendant was improperly sentenced as a second violent felony offender for his conviction of criminal possession of a weapon in the third degree under Penal Law § 265.02 (1), which is not classified as a violent felony (Penal Law § 70.02 [1] [c]). In view of the valid concurrent sentence of 6 years for the assault conviction, we see no reason for a remand for resentencing and instead replace the invalid sentence with a valid sentence of 3 to 6 years (*see*, *People v Coleman*, 267 AD2d 110). Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.