(May 31, 2001)

■ The People of the State of New York, Respondent, v Dean Wright, Appellant. [726 NYS2d 484] —Spain, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered August 25, 1999, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant was charged in a two-count indictment with criminal possession of a weapon in the third degree (Penal Law § 265.01 [2]; § 265.02 [1]) and promoting prison contraband in the first degree (Penal Law § 205.25 [2]) based on the discovery of a razor blade wrapped in electrical tape secreted between his buttocks while incarcerated at the Sullivan Correctional

---

* In Ohio, applicants must have their character and fitness certified before they can take the Bar exam.

Facility in Sullivan County. Testimony at trial established that, on June 2, 1997, defendant set off a metal detector three consecutive times when returning to the building from the prison yard. A correction officer then scanned defendant's body with a hand scanner which beeped in the area of defendant's buttocks. Thereafter, defendant was handcuffed and taken to a private room where he was strip frisked by correction officers and the razor blade was discovered. During the strip frisk and before the discovery of the razor blade, a correction officer asked defendant "why is it that some days you clear the machine and some days you don't?", to which defendant replied, "It's the weather."

At trial, a videotape of the strip frisk, including the aforementioned statement, was introduced by the People. Defendant was convicted of both counts but the judgment of conviction was reversed based on a *Sandoval* error (260 AD2d 935). At defendant's second trial—following opening statements—defense counsel moved to preclude defendant's statement heard on the videotape based on the People's conceded failure to give defendant notice of the statement pursuant to CPL 710.30. County Court denied defendant's motion and, after viewing the tape out of the presence of the jury, ruled that the statement was voluntary, having not been part of any custodial interrogation and as part of the res gestae of the incident before defendant was charged with any crime. Defendant was acquitted of criminal possession of a weapon in the third degree, but convicted of promoting prison contraband in the first degree. He now appeals, arguing that the prosecution's failure to give him CPL 710.30 notice of its intention to introduce his videotaped statement at trial warrants a reversal and a new trial.

We affirm. The purpose of CPL 710.30 is to provide notice to a defendant "who might otherwise be unaware that the People are in possession of * * * evidence and thus allows the defendant to test the reliability of the [evidence] before trial" (*People v White*, 73 NY2d 468, 474, *cert denied* 493 US 859). The statute is not implicated where the defendant has actual notice of the contested statement where, as here, the evidence was introduced at a prior trial (*see, id.*). Under these circumstances, where it is clear that defendant had actual notice of the statement well before trial (*see, People v Willsey*, 148 AD2d 764, 764-766, *lv denied* 74 NY2d 749; *People v Costello*, 101 AD2d 244, 249), we conclude that County Court did not err in denying defendant's motion to preclude the statement.

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.