■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MORALES, Appellant. [733 NYS2d 864] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered February 17, 1999, convicting defendant, after a non-jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 5½ years, unanimously modified, on the law, to the extent of vacating the sentence on the conviction of criminal possession of a weapon in the third degree and substituting a term of 2½ to 5 years, as a second felony offender, and otherwise affirmed.

The court properly denied defendant's request that, as trier of facts, it consider the effect of his intoxication on his ability to form the requisite intent to commit the charged crimes. Viewing the evidence in the light most favorable to defendant, we conclude that there was insufficient evidence of defendant's intoxication to permit a reasonable person to entertain a doubt as to the element of intent on that basis (*People v Gaines*, 83 NY2d 925).

As the People commendably concede, defendant was improperly sentenced as a second violent felony offender for his conviction of criminal possession of a weapon in the third degree under Penal Law § 265.02 (1), which is not classified as a violent felony (Penal Law § 70.02 [1] [c]). In view of the valid concurrent sentence of 5½ years for the assault conviction, we see no reason for a remand for resentencing and instead replace the invalid sentence with a valid sentence of 2½ to 5 years (*see, People v Caldwell*, 272 AD2d 87, *lv denied* 95 NY2d 933). Concur—Sullivan, P. J., Nardelli, Andrias, Rubin and Saxe, JJ.