■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUISHANA M., Appellant. [856 NYS2d 387]—Appeal from an adjudication of the Erie County Court (Shirley Troutman, J.), rendered December 6, 2006. Defendant was adjudicated a youthful offender upon her plea of guilty of assault in the first degree.

It is hereby ordered that the adjudication so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a youthful offender adjudication based upon her plea of guilty of assault in the first degree (Penal Law § 120.10 [1]). Contrary to the contention of defendant, the plea colloquy establishes that her waiver of the right to appeal was voluntary, knowing, and intelligent (see People v Lococo, 92 NY2d 825, 827 [1998]; People v Callahan, 80 NY2d 273, 280 [1992]; People v Lovett, 8 AD3d 1007 [2004], lv denied 3 NY3d 677 [2004]). The valid waiver by defendant of her right to appeal encompasses her challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]). Defendant further contends that County Court erred in imposing the mandatory surcharge and crime victim assistance fee because she made restitution at the time of sentencing. Although that contention

survives her waiver of the right to appeal (*see People v Figueroa*, 17 AD3d 1130 [2005], *lv denied* 5 NY3d 788 [2005]), defendant failed to object to the surcharge or fee and thus failed to preserve her contention for our review (*see People v Stuart*, 30 AD3d 1049 [2006]; *Figueroa*, 17 AD3d 1130 [2005]; *People v Saladeen*, 12 AD3d 1179, 1180-1181 [2004], *lv denied* 4 NY3d 767 [2005]). In any event, that contention is without merit. Defendant made restitution only to the victim of an offense that she committed while she was released on bail for the instant offense. Because restitution was not ordered or made to the victim of the instant offense, the court properly imposed the surcharge and fee (*see generally* Penal Law § 60.35 [6]). Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ.