■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER ALLEN, Appellant. [896 NYS2d 448]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Gazzillo, J., at trial; R. Doyle, J., at sentence), rendered September 11, 2007, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) was properly denied. Since the prosecutor offered a gender-neutral explanation for the questioned peremptory challenges, the issue of whether the defendant made a prima facie showing of discrimination under the first prong of the *Batson* analysis is academic (*see People v Smocum*, 99 NY2d

418, 422 [2003]; *People v Payne,* 88 NY2d 172, 182 [1996]). However, the defendant failed to satisfy his ultimate burden of demonstrating, under the third prong of the *Batson* analysis, that the prosecutor's explanation was a pretext for gender discrimination (*see People v Smocum,* 99 NY2d at 422-423; *People v Payne,* 88 NY2d at 181-183; *People v Smith,* 66 AD3d 801 [2009]; *People v Dehaarte,* 65 AD3d 593 [2009]; *People v Jacobs,* 54 AD3d 969 [2008]).

The defendant's contention that reversal is required because the Justice who presided over his trial recused himself prior to sentencing is unpreserved for appellate review (*see People v Doyle,* 15 AD3d 674, 675 [2005]; *People v Jackson,* 185 AD2d 363 [1992]; *People v Bishop,* 111 AD2d 398 [1985]). In any event, where, as here, a Justice voluntarily recuses himself or herself to avoid the appearance of impropriety, "judicial proceedings had prior to the recusal . . . remain valid, absent a showing of actual bias or actual impropriety" (*People v Willsey,* 148 AD2d 764, 765-766 [1989]; *see Matter of Kurz v Justices of Supreme Ct. of N.Y., Kings County,* 228 AD2d 74, 76 [1997]). No such showing has been made here (*see Matter of Kurz v Justices of Supreme Ct. of N.Y., Kings County,* 228 AD2d at 76; *People v Willsey,* 148 AD2d at 766).

The defendant's claim that the trial court's circumstantial evidence instruction erroneously gave the jury the impression that there was direct evidence in the case is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v Miller,* 150 AD2d 910 [1989]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see. People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.