■ In the Matter of PATRICIA BREGEL, Petitioner, v JUSTICES OF THE SUPREME COURT OF NEW YORK et al., Respondents. [908 NYS2d 369]—Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to prohibit the respondent Kathleen Rice, District Attorney of Nassau County, from continuing to prosecute the petitioner under Nassau County indictment No. 1371N-09, and to reinstate the petitioner's plea of guilty under that indictment.

Adjudged that those branches of the petition which were to prohibit the respondent Kathleen Rice, District Attorney of Nassau County, from continuing to prosecute the petitioner under Nassau County indictment No. 1371N-09, and to reinstate the petitioner's plea of guilty under that indictment are denied, as academic; and it is further,

Adjudged that the branch of the petition which was to compel the imposition of a sentence in accordance with the plea agreement is denied; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

On August 25, 2010, the Supreme Court reinstated the petitioner's plea of guilty under Nassau County indictment No. 1371N-09, which it had previously vacated. Accordingly, those branches of the petition which were to prohibit the respondent Kathleen Rice, District Attorney of Nassau County, from continuing to prosecute the petitioner under that indictment, and to reinstate the petitioner's plea of guilty under that indictment are denied, as academic.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioner has failed to demonstrate a clear legal right to the relief sought (*see Matter of Kurz v Justices of Supreme Court of N.Y., Kings County*, 228 AD2d 74 [1997]). Mastro, J.P., Covello, Dickerson and Roman, JJ., concur.