OPINION OF THE COURT
John P. Colangelo, J.
Petitioner Scott V DeSimone is currently serving a felony probationary sentence which is due to expire by its terms in 2014. He brings this CPLR article 78 proceeding for an order and judgment annulling, vacating and setting aside the denial by respondent Probation Officers Helene Hodapp and Robert Lhotan and the Westchester County Department of Probation (collectively respondents) of petitioner’s request for permission to apply for a driver’s license. Petitioner claims that such denial is an abuse of discretion, arbitrary and capricious, and constitutes cruel and unusual punishment neither contemplated nor intended by the sentencing court. He further seeks an order granting petitioner permission to apply for a driver’s license so that he may be allowed to operate a motor vehicle on a restricted basis.
Respondents Helene Hodapp and Robert Lhotan are duly appointed probation officers of the Department of Probation, County of Westchester. The Westchester County Department of Probation (the Probation Department or Probation) is the agency responsible for the supervision of individuals sentenced to probation by the Westchester County courts.
Factual Background
This proceeding revolves around petitioner’s continuing efforts to obtain a conditional driver’s license despite the clear probationary conditions that he may not apply for one without the permission of both the court and Probation. The factual background of the instant proceeding is as follows:
On March 5, 2009, petitioner pleaded guilty to the felonies of falsifying business records in the first degree, insurance fraud in the fifth degree, and leaving the scene of an accident which resulted in death. On April 28, 2009 he was sentenced to a “split” sentence of six months “shock” incarceration at the Westchester County Jail and five years’ probation. Petitioner’s *580 driver’s license was revoked for one year and the order of revocation, signed by petitioner, required him to obtain the permission of both the Westchester County Department of Probation and the court before reapplying for a license. Despite this license revocation, petitioner, shortly after his release from six months’ incarceration, drove his car to an appointment with his Probation Officer. He was promptly arrested. On November 24, 2009, petitioner pleaded guilty to the charge of aggravated unlicensed operation of a motor vehicle in the third degree (the AUO conviction) for so doing, and received a 30-day jail sentence.
The petition alleges that the one-year period of DeSimone’s license revocation ended by its terms on April 28, 2010 — one year after his initial sentence. Shortly thereafter — in early May 2010 — he started seeking permission from respondents to reapply for a driver’s license. According to the petition, in addition to numerous telephone calls to Probation, from petitioner and his previous defense counsel, petitioner and present counsel have written letters to respondents, dated September 1, 2010 and September 3, 2010 respectively, seeking permission to reapply. To date, respondents have failed to grant petitioner permission to reapply for a driver’s license.
Respondents interposed the instant motion to dismiss the petition on several grounds, including the ground that it is time-barred. Respondents do not deny that Probation has thus far failed to respond to petitioner’s multiple requests for permission to reapply for a driver’s license. Instead, respondents argue that Probation’s failure to issue a response to petitioner’s requests for permission to apply for a license beginning in May 2010 is tantamount to and should be deemed a denial and therefore a final determination. The instant proceeding, brought in October 2010, would then be considered untimely pursuant to CPLR 217 (1), which sets forth a strict four-month statute of limitations in which to bring an article 78 proceeding — a period beyond petitioner’s initial May 2010 request to Probation. Respondents also contend that an article 78 proceeding is not the proper form for the relief petitioner seeks — permission to apply for a license — under the circumstances that obtain herein.
In opposition to the respondents’ motion to dismiss, petitioner contends that his letter dated September 1, 2010 and his counsel’s letter dated September 3, 2010 show that petitioner was awaiting a final determination as to whether Probation would grant the permission he requested and therefore his peti *581 tion should not be deemed time-barred. However, aside from the issue of time-bar, petitioner conveniently neglects to mention the impact of his AUO conviction, and the additional consequences that flowed from it, on his ability to apply for a license. Following his AUO conviction, a violation of probation pursuant to CPL article 410 (the violation) was filed against DeSimone based upon his conduct — driving while his license was revoked— and subsequent conviction. DeSimone admitted the violation before Honorable Lester Adler, the judge then presiding over the Violation of Probation (VOP) part of the court. On January 14, 2010, petitioner was resentenced by Judge Adler and restored to probation with the appropriate tolling of the probationary time period, and, more importantly, with the addition of special DWI conditions of probation (the DWI conditions). The DWI conditions — which were not part of DeSimone’s original sentence — are two pages in length and were signed by the petitioner and the court on January 14. These conditions, under the heading ‘ ‘DRIVING/LICENSING, ’ ’ proscribe certain conduct relating to driving and application for a driver’s license during the five-year period of probation, including the following directives to petitioner:
“9. Do not operate a motor vehicle in any jurisdiction.
“10. Do not possess or apply for a driver’s license from any jurisdiction.
“11. No motor vehicle is to be registered in your name during the time your license is revoked.
“12. A. Do not apply for driving privileges without the permission of the court and probation.
“B. You may be directed by probation, and the court, as a condition of restoration of driving privileges that, at your expense, an interlock ignition system be installed and maintained in any car registered to or routinely driven by you.” (Emphasis added.)
Despite these clear probationary directions and requirements — which remain in force, unless modified, for the entire five-year period of his probationary sentence — petitioner remains fixated upon the original order of revocation of his license, signed at his original sentencing in 2009, which was to endure for only a one-year period. Petitioner contends, in essence, that Probation’s failure to grant him permission to apply for a conditional driver’s license even though the one-year order of revocation period has elapsed is arbitrary and capricious and therefore cries out for article 78 relief.
*582 Discussion and Conclusions
The court concurs with respondents and holds that the petition should be dismissed because an article 78 proceeding is not the proper form for the remedy petitioner seeks — essentially a modification of his probationary conditions. As mentioned above, the terms and conditions of petitioner’s probation — as modified by Judge Adler — mandate that permission from Probation and the court be obtained by petitioner before any license application is submitted, and such condition obtains for the entire balance of the five-year probationary term — not simply one year from the original sentencing date or shortly thereafter, as the initial order of revocation appears to indicate. The mere fact that Probation has never responded to petitioner’s hectoring for permission to apply does not advance petitioner’s position, as he suggests; the special DWI conditions imposed upon DeSimone prescribe that he obtain Probation and the court’s affirmative consent in order to apply. Such conditions clearly do not require a response from either the court or Probation, or that either Probation or the court specifically deny petitioner’s request.
Indeed, under the circumstances present in this case, it would be an abuse of article 78 to employ its remedies to intrude upon a criminal court judge’s sentencing prerogatives. The law is clear that an article 78 proceeding will generally not lie in the criminal court sentencing context — whether after a conviction or upon modification of sentence as a result of a violation of probation — where an exercise of the court’s discretion is involved. (See e.g. Matter of Kurz v Justices of Supreme Ct. of N.Y., Kings County, 228 AD2d 74 [2d Dept 1997].) Particularly in the violation of probation context, the unstated but apparent reason for this rule is clear: other more effective mechanisms are in place for the criminal court — usually the sentencing judge — to determine whether the probation department interpreted and applied the court’s sentencing prescriptions in a manner consistent with the court’s intent when sentence was imposed. Put simply, a decision as to whether or not to add or modify a term or condition of probation cries out for the velvet glove of the sentencing court’s reasoned discretion rather than the mailed fist of an article 78 proceeding, where the sole issue is whether the court or Probation acted in such an extreme manner as to be considered arbitrary and capricious. At the very least, the sentencing court deserves the initial opportunity to evaluate whether Probation had adhered to the letter and *583 spirit of his or her directives before a supreme court justice, a virtual stranger to the case, does so. After all, the sentencing judge’s ruling will not necessarily be the last word; his or her decision is always reviewable on appeal.
Consistent with these principles, courts have zealously guarded the sentencing prerogatives of the sentencing judge, holding that the province of that judge’s discretion may not be invaded by an article 78 proceeding. Only a ministerial error— such as a miscalculation of a defendant’s prison time served or to be served — has been held to be subject to article 78 challenge; otherwise, a criminal defendant’s remedy is through a direct appeal of the sentencing court’s decision. For example, in Matter of Kurz v Justices of Supreme Ct. of N.Y., Kings County (228 AD2d 74 [1997]), the trial court refused to sentence defendant as promised in the plea agreement negotiated by defendant’s counsel and the district attorney’s office. The Second Department held that the trial judge’s decision was not subject to article 78 mandamus relief since sentencing is a “discretionary act” and the trial court may decline to sentence a defendant as promised as long as the reason for his or her decision is stated on the record so as to permit meaningful appellate review. (See also Matter of Caroselli v Goord, 269 AD2d 706 [3d Dept 2000] [court’s determination at sentencing that defendant was a persistent violent felony offender was not a mere administrative determination and is therefore not subject to article 78 challenge]; Matter of Tunstall v Ward, 253 AD2d 910 [3d Dept 1998] [challenge to sentencing order itself rather than to computation of time must be addressed by a CPL 440 motion or a direct appeal, not by an article 78 proceeding]; Matter of Johnson v Price, 28 AD3d 79 [1st Dept 2006] [although sentencing court applied incorrect standard of proof in making a finding that the defendant was a persistent felony offender, article 78 relief does not lie; defendant’s remedy was an appeal from the sentence imposed].)
Moreover, the intrusion of an article 78 proceeding into the discretionary sentencing/probation process may frustrate the sentencing intent and scheme devised by the sentencing judge. For example, in the instant case, the judge who presided over petitioner’s violation of probation proceeding may well have intended to prevent petitioner from driving for a significant period after his one-year license revocation because of the underlying facts peculiar to this case — including petitioner’s conviction for conduct in leaving the scene of an accident in which a fatal *584 ity occurred — coupled with his clear violation of the initial revocation order by driving his car, during the revocation period, to his first probation appointment. Altering the terms and conditions of probation by, in effect, eliminating the requirement that petitioner obtain Probation’s permission before applying for a license may serve to undermine the court’s planned sentencing scheme, as well as the expertise of the probation officer.
In the instant case, Judge Adler’s decision to include additional probationary conditions upon petitioner’s violation of probation resentencing was clearly a “discretionary act”; it was plainly not a mere ministerial act or time calculation. Judge Adler as the VOP sentencing judge was free to add or eliminate conditions of probation, and chose the former in light of petitioner’s actions. The Probation Department, in the context of supervising its probationer DeSimone in accordance with the probationary terms ordered by the court, has in turn exercised the discretion in effect delegated to it by the court by refusing to accede to petitioner’s request to apply for a conditional driver’s license.
Accordingly, here as in the analogous cases of Kurz and Tun-stall an article 78 proceeding does not lie to compel the court or Probation to exercise its discretion in any particular fashion. But DeSimone is not without a remedy. Should DeSimone disagree with Probation’s action or inaction with respect to this or any term and condition of probation imposed on him, he has a remedy at his disposal under CPL 410.20. The Criminal Procedure Law under section 410.20 provides a mechanism by which DeSimones’ concerns may be properly addressed — by an application to the sentencing court to modify the conditions of probation. In that manner, the court most familiar with the sentencing conditions imposed upon DeSimone, and the reasons underlying them, may determine whether or not to relax or eliminate the condition that requires Probation’s permission— along with the court’s — before any application for a driver’s license is made. By using that statutory mechanism, petitioner could have a court — and ultimately an appellate court — review whether a particular condition was and remains appropriate.
Thus, despite the expiration of the order of revocation attached to the original 2009 conditions of probation, the special DWI conditions imposed on January 14, 2010 apply for the entire five-year period of probation, and thus vest Probation with the discretion to grant or deny petitioner’s request. Petitioner may, if he so chooses, avail himself of the mechanism *585 under the Criminal Procedure Law to seek a modification of the terms and conditions of his probation. In light of this court’s decision, the issue of whether or not the petition is time-barred need not be addressed.
Based upon the foregoing, respondents’ motion is granted and the petition is dismissed.