■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT L. LEVERICH, Appellant. [29 NYS3d 187]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J., at plea; Forman, J., at sentencing), rendered September 11, 2014, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent because the County Court failed to advise him of the constitutional rights he was forfeiting upon his plea of guilty is unpreserved for appellate review, since he did not move to withdraw the plea (*see People v Sirico*, 135 AD3d 19, 22 [2015]; *People v Isaiah S.*, 130 AD3d 1081 [2015]; *People v Bennett*, 122 AD3d 871, 872 [2014]). In any event, the plea was knowingly, voluntarily, and intelligently made (*see Brady v United States*, 397 US 742, 747 n 4 [1970]; *People v Harris*, 61 NY2d 9, 19 [1983]).

The defendant's contention that he was deprived of his right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see Hill v Lockhart*, 474 US 52, 59 [1985]; *People v McDonald*, 1 NY3d 109, 114 [2003]; *People v Tomaselli*, 7 NY2d 350, 355 [1960]; *People v Johnson*, 91 AD2d 782, 783 [1982]; *cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852

[1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Chambers, J.P., Austin, Roman and Duffy, JJ., concur.