■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWAN THOMPSON, Appellant. [52 NYS3d 675]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donnelly, J.), rendered June 24, 2013, convicting him of robbery in the third degree (four counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341-342 [2015]; People v Lopez, 6 NY3d 248, 256-257 [2006]). The defendant's valid waiver of his right to appeal precludes

review of his challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d at 256).

The defendant's contention that the Supreme Court erred in determining that it did not have the authority at the time of sentencing to defer payment of the mandatory surcharge imposed pursuant to CPL 60.35 survives his waiver of the right to appeal (*see People v Quishana M.*, 50 AD3d 1513 [2008]). However, his contention is without merit (*see People v Jones*, 26 NY3d 730 [2016]).

The defendant's waiver of his right to appeal precludes appellate review of his claim, raised in his pro se supplemental brief, that he received ineffective assistance of counsel, except to the extent that counsel's alleged ineffective assistance affected the voluntariness of his plea (*see People v Weston*, 145 AD3d 746, 747 [2016]). To the extent that the defendant contends that counsel's alleged ineffectiveness affected the voluntariness of his plea, his contention is based, in part, on matter on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Leverich*, 139 AD3d 756 [2016]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Leverich*, 139 AD3d at 757; *People v Maxwell*, 89 AD3d at 1109).

The defendant contends in his pro se supplemental brief that his arraignment was unduly delayed. While this contention survives his plea of guilty and his waiver of the right to appeal, it is not preserved for appellate review (*see People v Thomas*, 148 AD3d 734 [2017]; *People v Archie*, 116 AD3d 1165 [2014]), and we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant's contention in his pro se supplemental brief that the sentence imposed was illegal survives his plea of guilty and his waiver of the right to appeal (*see People v Frazier*, 228 AD2d 171 [1996]). However, his contention is without merit (*see People v Rizzo*, 142 AD3d 1187 [2016]).

The defendant's contention in his pro se supplemental brief that the record on appeal should be enlarged to include certain motions pursuant to CPL 440.10 and 440.20 is not properly before us.

The remaining contentions raised in the defendant's pro se

supplemental brief are based on matter dehors the record and, thus, cannot be reviewed on direct appeal (*see People v Thompson*, 110 AD3d 1014 [2013]; *People v Holland*, 44 AD3d 874 [2007]). Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.