Appeal by the defendant from a judgment of the County Court, Suffolk County (Collins, J.), rendered August 20, 2014, convicting him of burglary in the first degree (two counts), burglary in the second degree (three counts), assault in the second degree (two counts), criminal mischief in the third degree, criminal mischief in the fourth degree, unlawful imprisonment in the second degree, and petit larceny, upon his plea of guilty, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 Contrary to the defendant’s contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337 [2015]). The defendant’s valid waiver of his right to appeal forecloses appellate review of his challenge to the factual sufficiency of his plea allocution (see People v Thompson, 143 AD3d 1007 [2016]; People v Pinero, 138 AD3d 763, 764 [2016]; People v Devodier, 102 AD3d 884 [2013]).
 

 The defendant’s contention that his plea was not knowing, voluntary, and intelligent survives his valid appeal waiver (see People v Magnotta, 137 AD3d 1303 [2016]). However, the defendant failed to preserve this contention for appellate review, since he did not move to vacate his plea or otherwise raise this issue before the County Court (see People v Clarke, 93 NY2d 904, 906 [1999]; People v Morgado, 144 AD3d 709, 710 [2016]). In any event, the defendant’s plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Seeber, 4 NY3d 780, 781 [2005]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]).
 

 The defendant’s waiver of his right to appeal precludes appellate review of his claim, raised in his pro se supplemental brief, that he received ineffective assistance of counsel, except to the extent that counsel’s alleged ineffective assistance affected the voluntariness of his plea (see People v Weston, 145 AD3d 746, 747 [2016]). To the extent that the defendant contends that counsel’s alleged ineffectiveness affected the voluntariness of his plea, his contention is based, in part, on matter on the record and, in part, on matter outside the record, and thus constitutes a “mixed claim” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Leverich, 139 AD3d 756 [2016]). Since the defendant’s claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Leverich, 139 AD3d at 757; People v Maxwell, 89 AD3d at 1109).
 

 Further, the defendant’s valid waiver of his right to appeal precludes review of his contention that the sentence was excessive (see People v Lopez, 6 NY3d 248, 255, 257 [2006]; People v Callahan, 80 NY2d 273, 281 [1992]; People v Seaberg, 74 NY2d 1, 10 [1989]).
 

 The defendant’s valid waiver of his right to appeal precludes review of the remaining contention raised in his pro se supplemental brief (see People v Lopez, 6 NY3d at 256; People v Sanders, 112 AD3d 748 [2013], affd 25 NY3d 337 [2015]).
 

 Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.