People v Kocaj (2018 NY Slip Op 02486)





People v Kocaj


2018 NY Slip Op 02486


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2013-06232
 (Ind. No. 83/12)

[*1]The People of the State of New York, respondent,
v Martin Kocaj, appellant.


Hammock & Sullivan, PC, Flushing, NY (Randall D. Unger of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Stephen L. Greller, J.), rendered June 3, 2013, convicting him of arson in the second degree, assault in the second degree, assault in the third degree, reckless endangerment in the second degree (five counts), and endangering the welfare of a child (six counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the County Court erred in rejecting his peremptory challenge to a female juror as pretextual is without merit. Upon consideration of the entire record of the jury selection proceedings, and applying the relevant factors set forth in People v Richie (217 AD2d 84, 89), we conclude that the court properly denied the defendant's peremptory challenge to this juror (see e.g. People v Carrington, 105 AD3d 970; People v Patterson, 12 AD3d 694).
The defendant's right to be present during jury selection was not violated by the County Court's instruction that he not "turn around and try to make eye contact with the jurors" while they exited the courtroom. The defendant was present during voir dire, he had an opportunity to consult with counsel, and the challenges to the jury were given effect in his presence (see People v Velasco, 77 NY2d 469; People v Montgomery, 213 AD2d 563, affd 88 NY2d 926).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Thompson, 150 AD3d 1156, 1157). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside of the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Leverich, 139 AD3d 756, 757).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court