People v Joseph (2018 NY Slip Op 08506)





People v Joseph


2018 NY Slip Op 08506


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2015-04581
 (Ind. No. 1088/13)

[*1]The People of the State of New York, respondent,
v
Brian Joseph, appellant.


Judah Maltz, Kew Gardens, NY, for appellant, and appellant pro se.
Madeline Singas, District Attorney, Mineola, NY (W. Thomas Hughes and Amanda Manning of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J., at plea; Christopher G. Quinn, J., at sentencing), rendered April 29, 2015, convicting him of robbery in the first degree (seven counts), criminal possession of a weapon in the third degree (six counts), criminal possession of stolen property in the fourth degree, and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence upon his adjudication as a second violent felony offender.
ORDERED that the judgment is modified, on the law, by vacating the defendant's adjudication as a second violent felony offender with respect to his convictions of counts one and two of the indictment; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337). "By waiving the right to appeal in connection with a negotiated plea and sentence, a defendant agrees to end the proceedings entirely at the time of sentencing and to accept as reasonable the sentence imposed" (People v Lopez, 6 NY3d 248, 255). Therefore, the defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (see People v Bryant, 28 NY3d 1094; People v Sanders, 25 NY3d 337; People v Bradshaw, 18 NY3d 257, 264-267; People v Reader, 155 AD3d 976).
As the People correctly concede, the defendant should not have been sentenced as a second violent felony offender with respect to his convictions of counts one and two of the indictment. Since this affects the legality of his sentence, the issue is reviewable irrespective of the validity of the waiver of his right to appeal (see People v Seaberg, 74 NY2d 1, 9; People v Helmus, 125 AD3d 884). Penal Law § 70.04 sets forth the criteria for determining when a felony can serve as a predicate for second violent felony offender status. To qualify as a predicate violent felony conviction, the "[s]entence upon such prior conviction must have been imposed before commission of the present felony" (Penal Law § 70.04[1][b][ii]; see People v Samms, 95 NY2d 52, 55). Here, the defendant's commission of the first two counts of robbery in the first degree occurred prior to the sentencing for his earlier conviction, and thus, he should not have been sentenced as a second violent felony offender with respect to his convictions of counts one and two of the indictment. Nevertheless, remittal for resentencing is unwarranted, as the sentence imposed on those convictions was within the permissible range (see Penal Law § 70.02[3]), and the defendant was properly [*2]sentenced as a second violent felony offender to concurrent 18-year terms of imprisonment on the remaining five convictions of robbery in the first degree (see generally People v Caldwell, 272 AD2d 87, 88).
The defendant's contention, raised in his pro se supplemental brief, that his plea of guilty should be rendered null and void because the Justice who presided over his plea proceeding recused herself prior to sentencing is unpreserved for appellate review and, in any event, without merit (see People v Allen, 71 AD3d 778, 779). Where, as here, a judge voluntarily recuses himself or herself to avoid the appearance of impropriety, "judicial proceedings had prior to the recusal . . . remain valid, absent a showing of actual bias or actual impropriety" (People v Willsey, 148 AD2d 764, 765-766; see Matter of Kurz v Justices of Supreme Ct. of N.Y., Kings County, 228 AD2d 74, 76). No such showing has been made here (see People v Allen, 71 AD3d at 779; Matter of Kurz v Justices of Supreme Ct. of N.Y., Kings County, 228 AD2d at 76).
The defendant's waiver of his right to appeal precludes appellate review of his claim, raised in his pro se supplemental brief, that he received the ineffective assistance of counsel, except to the extent that counsel's alleged ineffective assistance affected the voluntariness of his plea (see People v Weston, 145 AD3d 746, 747). To the extent that the defendant contends that counsel's alleged ineffectiveness affected the voluntariness of his plea, his contention is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Leverich, 139 AD3d 756). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Leverich, 139 AD3d at 757; People v Maxwell, 89 AD3d at 1109).
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court