People v Tietje (2019 NY Slip Op 03087)





People v Tietje


2019 NY Slip Op 03087


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-04223 
2017-04224

[*1]The People of the State of New York, respondent,
v
Gregory P. Tietje, appellant. (S.C.I. Nos. 278/16, 27/17)


Steven A. Feldman, Uniondale, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Bridget Rahilly Steller of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Dutchess County (Edward T. McLoughlin, J.), both rendered March 31, 2017, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree under Superior Court Information No. 278/16, and criminal possession of a weapon in the third degree under Superior Court Information No. 27/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant was convicted of aggravated unlicensed operation of a motor vehicle in the first degree under Superior Court Information No. 278/16, and criminal possession of a weapon in the third degree under Superior Court Information No. 27/17, upon his pleas of guilty. On March 31, 2017, in accordance with the plea agreements, the County Court sentenced the defendant to an indeterminate term of imprisonment of 1 to 3 years under Superior Court Information No. 278/16. This term of imprisonment was to run consecutively to an indeterminate term of imprisonment imposed in Ulster County, and to an indeterminate term of imprisonment of 2 to 4 years imposed under Superior Court Information No. 27/17. The latter two terms of imprisonment were to be served concurrently with each other.
On his appeal from the judgment under Superior Court Information No. 278/16, the defendant contends that his sentence is excessive to the extent that it was to run consecutively to the sentences he is serving in Ulster County and under Superior Court Information No. 27/17. On his appeal from the judgment under Superior Court Information No. 27/17, the defendant contends that, due to a procedural irregularity in the imposition of the mandatory surcharge, the DNA databank fee, and the crime victim assistance fee, he is entitled to have those items struck from the judgment of conviction.
The defendant's valid waiver of his right to appeal precludes review of his contention that the imposition of consecutive sentences renders them excessive (see People v Lopez, 6 NY3d 248, 256). The defendant's contention regarding the irregularity in the imposition of the mandatory surcharge, the DNA databank fee, and the crime victim assistance fee survives his waiver of the right [*2]to appeal (see People v Grof, 158 AD3d 818, 819; People v Thompson, 150 AD3d 1156). However, the County Court's error, which was in the defendant's favor, does not entitle the defendant to the relief he seeks (see People v Rodriguez, 162 AD3d 513, 514; see generally People v Jones, 26 NY3d 730).
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court