People v Sloane (2019 NY Slip Op 07941)





People v Sloane


2019 NY Slip Op 07941


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2018-09336
 (Ind. No. 17-00317)

[*1]The People of the State of New York, respondent,
v
Derek Sloane, appellant.


Clinton W. Calhoun III, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo of counsel; Caroline Zicca on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Larry J. Schwartz, J.), rendered June 27, 2018, convicting him of criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review since, after withdrawing a prior motion to withdraw his plea, he did not move a second time to withdraw his plea or move to vacate the judgment of conviction (see People v Lopez, 71 NY2d 662; People v Harris, 169 AD3d 924; People v Saliani, 163 AD3d 854, 854; People v Hutter, 154 AD3d 776, 776). In addition, the exception to the preservation requirement does not apply here, because the defendant's plea allocution "did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea" (People v Fontanet, 126 AD3d 723, 723; see People v Tyrell, 22 NY3d 359, 364; People v Lopez, 71 NY2d at 666). In any event, the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Conceicao, 26 NY3d 375; People v Harris, 61 NY2d 9).
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court