People v Ringler (2019 NY Slip Op 09032)





People v Ringler


2019 NY Slip Op 09032


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2017-11104
 (Ind. No. 96/17)

[*1]The People of the State of New York, respondent,
v
Jermaine D. Ringler, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered September 13, 2017, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337; People v Bradshaw, 18 NY3d 257; People v Lopez, 6 NY3d 248). The defendant's valid appeal waiver precludes appellate review of his challenge to the factual sufficiency of his plea allocution (see People v Contreras, 170 AD3d 1034, 1035; People v Griffin, 167 AD3d 934; People v Hutter, 154 AD3d 776).
Although a claim that a plea of guilty was not voluntary survives a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Contreras, 170 AD3d at 1035), the defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, and intelligent, since he did not move to withdraw his plea or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Toxey, 86 NY2d 725, 726; People v Lopez, 71 NY2d 662, 665). Moreover, contrary to the defendant's contention, the exception to the preservation requirement does not apply here, since the plea allocution did not cast significant doubt upon the defendant's guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Davis, 24 NY3d 1012, 1013; People v Ramos, 164 AD3d 922, 922-923). In any event, the defendant's contention is without merit, as the record as a whole affirmatively demonstrates that the defendant entered his guilty plea knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543; People v Harris, 61 NY2d 9, 17).
Further, the defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence was excessive (see People v Crews, 92 AD3d 795, 796; People v Hawthorne, 85 AD3d 819).
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court